IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRYSTAL CLEAR COMPUTER**
**SOLUTIONS, LLC, TREVER SIMES**                                              **PLAINTIFFS**

**V.**                          **NO. 2:20-CV-00017-LPR**

**CITY OF HELENA-WEST HELENA,**
**KEVIN SMITH, In his official capacity as**
**Mayor and Chief Executive Officer of the**
**City of Helena-West Helena; KEVIN SMITH,**
**In his individual capacity; and DERRICK**
**TURNER, City Treasurer, in his official capacity**            **DEFENDANTS**

### DEFENDANTS' MOTION TO COMPEL

Defendants, City of Helena-West Helena, and Kevin Smith and Derrick Turner, in their individual and official capacities, respectfully come before this honorable Court by and through undersigned counsel and, for their Motion to Compel, state:

1.  On July 17, 2020, Plaintiff Trever Simes' responded to Defendants' First Set of Interrogatories and Requests for Production of Documents. The requests relevant to this motion are:

> **INTERROGATORY NO. 14:** Please provide the name, address and telephone number of each and every doctor, psychologist, counselor or any other practitioner of the healing arts whom you have seen and been treated for "emotional and mental suffering" you allege that you suffered in paragraph number 58 of your Complaint.[1]
>
> **PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 14:** Dr. Lee Horton, 1355 Lynnfield Road Suite 245, Memphis, TN 38119, email: lhorton1@gmail.com, phone: 901-818-5450; Katherine (Katie) Dalstra, Licensed Professional Counselor, LPC, 7145 Swinnea Road Suite 2, Southaven, Mississippi 38671, phone: (662) 301-9681.

---

[1] This claim appears in ¶ 62 of the First Amended Complaint. See ECF No. 14.

1

> **REQUEST FOR PRODUCTION NO. 16:** Please produce copies of any and all documents that in any way substantiate or provide support for the damages you attribute to emotional and mental suffering that you allege you sustained in paragraph 58 of the Complaint.
>
> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** The plaintiff has requested billing invoices and statements from his doctors. Once received, the plaintiff will supplement these Responses.
>
> **REQUEST FOR PRODUCTION NO. 17:** Please sign the medical authorization attached hereto as "Exhibit A" and furnish it to the undersigned attorney for Defendants.
>
> **PLAINTIFF'S *OBJECTION* TO REQUEST FOR PRODUCTION NO. 17:** Plaintiff asserts two objections to signing the attached medical authorization. First, the authorization attached to these Interrogatories is an unlimited medical authorization that is not logically relevant in time to the defendants' conduct. Second, the parties have not reached an agreement on the handling of confidential information.

Plaintiff's counsel followed up with the following supplemental objection to Request for Production No. 17 on August 18, 2020. This objection was untimely due to being made more than 30 days after the request and should therefore be regarded as waived.

> **PLAINTIFF'S SUPPLEMENTAL *OBJECTION* TO REQUEST FOR PRODUCTION NO. 17:** RELEVANCY. Plaintiff Trever Simes' claim for emotional and mental distress is for the humiliation and embarrassment caused with Mayor Smith's tortious conduct that interferred [sic] with CCCS' contractual relationship with the City and the humiliation and embarrassment associated with the injury to his business and credit reputations and CCCS' business and credit reputations.

Excerpts of Plaintiff Simes' initial responses are attached as **Exhibit 1** and the supplemental response as **Exhibit 2**.

2.  The objection regarding the lack of a protective order was addressed when, upon the joint motion of the parties, the Court entered a Protective Order on August 4, 2020. **ECF No. 11.** On September 15, 2020, defense counsel reached out to Plaintiffs' counsel in a letter

explaining the need for the medical authorization and providing a more restrictive timeframe for the authorization to address the objection about the unlimited scope of the authorization. A copy of the letter is attached as **Exhibit 3**. In an effort to address the objection, defense counsel submitted a revised medical authorization which limited the timeframe for medical records to those evidencing medical treatment on or after January 1, 2019. A copy of the revised authorization is attached as **Exhibit 4**. Plaintiff Simes continued to refuse to sign the authorization.

      3.      On January 29, 2021, counsel for Defendants wrote Plaintiff's counsel and asked, among other things, that she have Plaintiff Simes sign the revised medical authorization. A copy of the letter is attached as **Exhibit 5.** Plaintiff's counsel responded with an email on February 2, 2021, in which she reiterated her objection to Mr. Simes signing the authorization to release medical information even though he claims that he is entitled to damages for emotional and mental suffering and reimbursement of medical expenses. As noted in Mr. Simes' response to Interrogatory No. 14 cited above, he provided a list of physicians claims he visited for the alleged emotional and mental suffering. Further, at pages 12 and 13 of **Exhibit 1** to the Motion to Compel, Plaintiff states that he seeks to recover "medical bills and expenses, doctor's bills and mileage reimbursement." Counsel expounded on this in her email when she said that the costs of Mr. Simes' visits (presumably medical visits) are a part of his compensatory damages claim. Yet, counsel will not permit her client to sign a limited medical authorization in order for Defendants to analyze the relevance of any medical or mental health treatment to his claims. A copy of Plaintiff's counsel's email is attached as **Exhibit 6.** The need to review the medical records is aptly demonstrated by the one medical bill Plaintiff produced on February 3, 2021. Along with an email sent that date,

Plaintiff produced the statement from Lee Horton, Ph.D. attached as **Exhibit 7**.[2] The statement provides no information connecting the billed charges to any conduct of Mayor Kevin Smith.

4. Counsel for Defendants responded to the email from Plaintiff's counsel and explained that the only timely objections Plaintiff asserted were that the original medical authorization was too unlimited in time and a protective order was not in place. Both timely objections have been addressed with the entry of the protective order and the revision of the medical authorization. A copy of defense counsel's email is attached as **Exhibit 8**.[3]

5. Defendants reached out to Plaintiff's counsel in a good faith effort to resolve the discovery dispute, but has been unable to resolve the dispute without involving the Court.

6. Defendants respectfully ask the Court to enter an order directing Plaintiff Trever Simes to sign the medical authorization attached as **Exhibit 4** within three calendar days of the date the order is filed. Defense counsel will then forward the authorization to Lee Horton, Ph.D. and Katherine Dalstra, LPC. Any records received from them will be treated as confidential under the terms of the Protective Order entered by the Court.

7. In support of this response, Defendants rely on the following exhibits:

**Exhibit 1 –** Excerpts of Plaintiff Trever Simes' Response to Defendants' First Set of Interrogatories and Requests for Production of Documents

**Exhibit 2** – Plaintiff Trever Simes' Supplemental Response to Request for Production No. 17

**Exhibit 3** – Copy of September 15, 2020, letter from defense counsel to Plaintiff's counsel

---

[2] Plaintiff's counsel has represented that she has requested bills from Katherine Dalstra, LPC, but has not received a response to her request.
[3] Both Exhibits 6 and 8 contain redactions that relate to medical information not relevant to the Motion to Compel.

      **Exhibit 4** - Revised medical authorization

      **Exhibit 5** – Good faith letter from defense counsel to Plaintiff's counsel dated January 29, 2021.

      **Exhibit 6** – Email from Plaintiffs' counsel dated February 2, 2021

      **Exhibit 7** – Statement from Lee Horton Ph.D. produced by Plaintiff

      **Exhibit 8** – Email from Defendants' counsel dated February 2, 2021

8.     A brief in support accompanies this response.

**WHEREFORE**, Defendants pray that the Court will grant their Motion to Compel and all other relief to which they may be entitled.

                Respectfully submitted,

                **DEFENDANTS**

                William C. Mann, III, ABA# 79199
                Attorney for Defendants
                P.O. Box 38
                North Little Rock, AR 72115
                TELEPHONE: 501-978-6131
                EMAIL: bmann@arml.org