# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF ARKANSAS

## DELTA DIVISION


**CRYSTAL CLEAR COMPUTER SOLUTIONS, LLC,**

**TREVER SIMES**

v.     NO. 2:20-CV-00017-LPR

**CITY OF HELENA-WEST HELENA, et al.**


## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


COME now the Plaintiffs, Crystal Clear Computer Solutions, Inc. ("CCCS") and Trever

Simes ("Simes") by and through their attorney, Sarah Howard Jenkins, PLLC, to respond to

Defendants' Motion for Summary Judgment requesting this Honorable Court to deny Defendants'

Motion for Summary Judgment and they say:

1.     Plaintiffs deny that they filed their Complaint against the City of Helena-West

Helena (the "City") and Mayor Kevin Smith his individual and official capacity on June 24, 2020.

Plaintiffs admit that they filed their Complaint on January 24, 2020, and, thereafter, filed their First

Amended Complaint on September 23, 2020, adding City Treasurer Derrick Turner in his

individual and official capacities. Plaintiffs admit that Plaintiff Simes is the sole owner and officer

of CCCS.

2.     Plaintiffs admit that this Court's jurisdiction is based on diversity of citizenship and

that they asserted two Arkansas state law claims.  Plaintiffs deny that both claims are asserted

against all the Defendants. Plaintiffs admit that in their Complaint and Amended Complaint

they alleged a breach of contract claim with respect to a managed services agreement (the

"Agreement") for the provision of certain Information Technology ("IT") services against the City. Plaintiffs admit that the parties signed the Agreement on November 8, 2017. Plaintiffs further admit that by its terms, the Agreement was effective January 1, 2018, and, as required by the City Council, remains in force for a period of five years.

Plaintiffs admit that their second claim, intentional interference with a contractual relationship, is asserted against Kevin Smith in his individual capacity. Plaintiffs admit that Derrick Turner was named as a Defendant in both his official and individual capacities. Plaintiffs further admit that on March 25, 2021, they filed their Motion to Voluntarily Dismiss Derrick Turner in his individual capacity. Said Motion is currently pending before this Court. Plaintiffs deny that their claims are without merit and, further, assert that their claims should not be dismissed as a matter of law pursuant to Fed. R. Civ. P. 56 because material issues of fact based on admissible evidence permeate their causes of action.

3. Plaintiffs deny that the Agreement at issue in this action is void *ab initio* and deny that the Agreement violates Ark. Const. art.12, § 4. As asserted in their Complaint and Amended Complaint, Plaintiffs assert that Defendant City breached the Agreement. Plaintiffs deny that Plaintiff Trever Simes terminated the Agreement effective immediately on July 15, 2019, without giving the required 90 days' notice. Plaintiffs deny Mr. Simes terminated the Agreement after refusing to accept payment of amounts due under the Agreement. Plaintiffs admit that CCCS canceled the Agreement not only after the City materially breached the Agreement but also breached three agreements to cure its breach. Plaintiffs admit that CCCS canceled the Agreement on July 15, 2021. Plaintiffs admit that after CCCS canceled the Agreement, the City offered, for the fourth time, to cure its breach. CCCS admits that its President refused the City's subsequent offer of July 16, 2019, to cure its material breach of the Agreement rather than to waive the breach and reinstate the contract.

4.     Plaintiffs deny that their intentional interference with a contractual relationship claim must be dismissed because Plaintiffs have failed to establish each of the elements of such a claim under Arkansas law. Plaintiffs have admissible evidence that establishes the elements of their intentional interference with contractual relationship claim under Arkansas.  Furthermore, Plaintiffs deny that any actions taken by Kevin Smith with respect to the Agreement were in his capacity as the City's Mayor and not in his individual capacity.  Plaintiffs' evidence demonstrates that Defendant Kevin Smith acted without authority, in arrogant disregard for the City Council's directive affirming CCCS' contract, and in violation of the City's ordinances.

5.     Plaintiffs deny that Kevin Smith made "mistakes" in handling the Agreement.  Kevin Smith began his intentional actions against CCCS and its Agreement with the City before his inauguration with the goal of benefiting his longtime personal and business friend, John Dalencourt.  In contravention of the City's contractual duty, Kevin Smith withheld CCCS' payment beginning in December; held January's payment beyond March 15, 2019; held February and March payments until March 29, 2019, and forbade the City Clerk to sign checks for April, May, and June of 2019.  Had Kevin Smith been authorized to act, his conduct would constitute a breach of contract by the City.  Plaintiffs deny that wrongful actions by Mayor Smith constitute negligence and further deny that Mayor Smith is entitled to qualified immunity pursuant to Ark. Code Ann. § 21-9-301 and Arkansas case law interpreting the statute.  Kevin Smith's acts were intentional and deliberate and without authority.  Only authorized negligent acts of officials are within the statutory grant of qualified immunity.

6.     Plaintiffs Object to Kevin Smith's affidavit and request this Court to strike defendant Kevin Smith's affidavit because contains statements inconsistent with the evidence produced by the City and Kevin Smith in this matter.

7.      Plaintiffs ask this Court to rule on its Motion to Voluntarily Dismiss Derrick Turner in his individual capacity.  Derrick Turner's participation in this matter in his official capacity is in substance the City's participation; his inclusion in his official capacity is required as a matter of Municipal Law and procedural efficiency.

8.      In support of their response, Plaintiffs have included the following:

Plaintiffs' Response to Defendants' Statement of Undisputed Material;

Plaintiffs' Statement of Undisputed Material Facts;

Plaintiffs' Brief in Support of their Response; and

Plaintiffs' 39 Exhibits.

Respectfully submitted this 26th day of April, 2021,

Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email:  sarah@shjenkinslaw.com