IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CRYSTAL CLEAR COMPUTER
SOLUTIONS, LLC, TREVER SIMES                          PLAINTIFFS

V.                       NO. 2:20-CV-00017-LPR

CITY OF HELENA-WEST HELENA,
KEVIN SMITH, In his official capacity as
Mayor and Chief Executive Officer of the
City of Helena-West Helena; KEVIN SMITH,
In his individual capacity; and DERRICK
TURNER, City Treasurer, in his official capacity               DEFENDANTS

## DEFENDANTS RESPONSE TO PLAINTIFFS'
## MOTION FOR SUMMARY JUDGMENT
## ON BREACH OF CONTRACT CLAIM

Defendants, City of Helena-West Helena, Mayor Kevin Smith and Derrick Turner, in their individual and official capacities, respectfully come before this honorable Court by and through undersigned counsel and, for their Response to Plaintiffs' Motion for Summary Judgment on Breach of Contract Claim, state:

1.      Plaintiffs Crystal Clear Computer Solutions, Inc. ("CCCS") and Trever Simes claim Defendants breached a managed services agreement (the "Agreement") between CCCS and the City of Helena-West Helena (the "City") that was signed by former Mayor Jay Hollowell in November 2017 to be effective for a period of five (5) years beginning January 1, 2018. Plaintiffs also assert a claim of intentional interference with a contractual relationship against Mayor Kevin Smith in his individual capacity.[1] That claim is not addressed in Plaintiffs' motion for summary

---

[1] Plaintiffs have also filed a claim against City Treasurer Derrick Turner in his individual capacity. They have moved to voluntarily dismiss the claim without prejudice. Defendants have responded to the motion and object to a dismissal

1

judgment.

2. Defendants have filed a motion for summary judgment on all claims brought by Plaintiffs. See ECF Nos. 45; 46; 47. Since both parties have moved for summary judgment on the breach of contract claim, the Court is presented with cross-motions for summary judgment on that claim. Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. In responding to Plaintiffs' motion, Defendants will cite to certain exhibits to their motion for summary judgment and the Statements of Undisputed Material Facts ("Defendants' SUMF") submitted in support of the motion.[2] In order not to burden the record and for purposes of efficiency, Defendants respectfully ask that the Court consider these references and the exhibits attached to Defendants' Motion for Summary Judgment as part of the summary judgment record in the case in support of their response to Plaintiff's motion.

3. The Court's Second Amended Final Scheduling Order directed the parties to file all motions, except for motions in limine, on or before March 29, 2021. Section III, Paragraph A.3 of the Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings (the "Manual"), revised November 17, 2020, provides: "[i]f a document is filed prior to midnight, it shall be docketed on that day.[3] However, time sensitive filings, which are electronically filed on the last day of any given deadline, shall be filed by 5:00 p.m., unless otherwise ordered by the Court." Plaintiffs' motion was filed on March 30, 2021. Prior to filing the untimely motion,

---

without prejudice. As explained in the response, Defendants contend that the claim against Mr. Turner should be dismissed as a matter of law with prejudice.
[2] ECF No. 47.
[3] The Manual was approved by Amended General Order 53 signed by Chief Judge Brian S. Miller on December 1, 2018.

Plaintiffs failed to request an extension of the deadline set by the Court. Therefore, pursuant to the provisions of the Court's scheduling order and the Manual, Plaintiffs' motion was untimely and should be denied.

5. Even if the Court considers Plaintiffs' untimely motion, the Agreement at issue in this action is void because it violates Ark. Const. art. 12, § 4. In addition, the Defendants did not breach the Agreement. Rather, the undisputed material facts show that the Agreement ended due to action taken by Plaintiff Trever Simes when he terminated the Agreement effective immediately on July 15, 2019, without giving the required 90 days' notice. Mr. Simes did so after refusing to accept payment of amounts due under the Agreement that he had previously agreed to accept.

6. In support of their motion, Defendants rely on the following exhibit attached to the motion:

| | | |
|---|---|---|
| Exhibit 1 | Affidavit of Mayor Kevin Smith |
| Exhibit 2 | Excerpts from Deposition of Trever Simes |
| Exhibit 3 | Affidavit of City Clerk Sandi Ramsey |
| Exhibit 4 | Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment – **ECF No. 47.**[4] |
| Exhibit 5 | Notice of Activity – ECF No. 51, filed March 30, 2021, at 12:07 a.m. |
| Exhibit 6 | Notice of Activity – ECF No. 52, filed March 30, 2021, at 12:10 a.m. |
| Exhibit 7 | Notice of Activity – ECF No. 53, filed March 30, 2021, at 12:52 a.m. |

7. Defendants also rely on each of the exhibits and arguments filed in support of Defendants' Motion for Summary Judgment filed on March 29, 2021. *See* **ECF Nos. 45; 46**.

8. Defendants' brief in support and response to the Statement of Undisputed Material

---

[4] The original header of ECF No. 47 has been removed to prevent the header in the current filing being imprinted over it.

Facts submitted by Plaintiffs accompany this response. With respect to the requirement of Local Rule 56.1(b) that the non-moving party file a statement of material facts as to which the party contends a genuine issue exists to be tried, Defendants note that since both parties have moved for summary judgment on the breach of contract claim, Defendants respectfully submit that there are no material facts in dispute that require a trial on this claim. Defendants have submitted their own Statement of Undisputed Material Facts and have responded to Plaintiffs' Statement of Undisputed Material Facts. Taken together, Defendants contend that they are entitled to summary judgment on the breach of contract claim.

**WHEREFORE**, Defendants, City of Helena-West Helena, Kevin Smith and Derrick Turner, in their individual and official capacities, respectfully request that the Court deny Plaintiffs' Motion for Summary Judgment on Breach of Contract Claim, grant summary judgment on the claim and all other relief to which they may be entitled.

Respectfully submitted,

**DEFENDANTS**

William C. Mann, III, AR Bar No. 79199
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org