IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRYSTAL CLEAR COMPUTER**
**SOLUTIONS, LLC and**
**TREVER SIMES**                                                                            **PLAINTIFFS**

v.                          Case No.: 2:20-cv-00017-LPR

**CITY OF HELENA-WEST HELENA,** *et al.*                                **DEFENDANTS**

## JUDGMENT

Consistent with the Order that was entered on the 15th day of September 2021 and the supplemental submissions filed on the 6th day of October 2021,[1] it is CONSIDERED, ORDERED, and ADJUDGED that judgment is entered on the breach of contract claim in favor of Crystal Clear Computer Solutions, LLC and against the City of Helena-West Helena in the total amount of $20,921.00. With respect to the tortious interference with a contract claim, judgment is entered in favor of Mayor Smith.

Prejudgment interest is not appropriate in this case.[2] Post-judgment interest shall be awarded under 28 U.S.C. § 1961. Post-judgment interest shall be calculated at a rate of .09% from

---

[1] Docs. 92, 94, 95.

[2] In a diversity suit, prejudgment interest is governed by state law. *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). The parties dispute whether an earlier version or the current version of Arkansas's prejudgment interest statute applies. This dispute is immaterial because prejudgment interest is inappropriate under both versions of the statute. The current Arkansas statute allows for prejudgment interest when it is "appropriate under the facts of the case. . . ." Ark. Code Ann. § 16-65-114(a)(1) (2019). Even before this "facts of the case" condition was added to the statute, Arkansas courts had considered the parties' underlying conduct to determine whether prejudgment interest was appropriate. *See Sorrells v. Bailey Cattle Co.*, 268 Ark. 800, 818, 595 S.W.2d 950, 959 (Ark. Ct. App. 1980) ("We decline to award pre-judgment interest, as apparently appellants *could have been in possession* of the property . . . .") (emphasis added); *S. Bank of Com. v. Union Planters Nat'l Bank*, 375 Ark. 141, 148, 289 S.W.3d 414, 419 (2008) (holding that *Sorrells* did not govern because failure to obtain a payment was not the result of the plaintiff's actions and the plaintiff had no choice but "to incur the present litigation in order to recover on that check"). This case is more like *Sorrells* and less like *Union Planters* for the reasons stated in Defendants' Submission (Doc. 94) at 3–5. Crystal Clear *could* have received this money earlier but chose not to. Thus, prejudgment interest is inappropriate.

the date of the entry of the Judgment.[3]  "Interest shall be computed daily to the date of payment" and "compounded annually."[4]

IT IS SO ADJUDGED this 7th day of October 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1961(a) (stating that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment"). The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment is .09%. *See* BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, (October 7, 2021, 2:30pm), https://www.federalreserve.gov/releases/h15/.

[4] 28 U.S.C. § 1961(b).