IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRYSTAL CLEAR COMPUTER**
**SOLUTIONS, LLC and**
**TREVER SIMES**                                                                                    **PLAINTIFFS**

v.                                     Case No.: 2:20-cv-00017-LPR

**CITY OF HELENA-WEST HELENA,** *et al.*                                         **DEFENDANTS**

### ORDER

This case is about a breach of contract claim against a city in Arkansas and a tortious interference claim against that city's mayor. Both sides moved for summary judgment on the breach of contract claim. Mayor Smith (but not the Plaintiffs) moved for summary judgment on the tortious interference claim. The Plaintiffs were *partially* victorious on summary judgment on the breach of contract claim against the City of Helena-West Helena.[1] Mayor Smith prevailed on summary judgment on the tortious interference claim.[2] The underlying facts of this case have been thoroughly recited in the Court's Summary Judgment Order.[3] Ultimately, the Court concluded as a matter of law that Crystal Clear was owed payment for the months that the Agreement was still in effect, but was not owed anything for the months after Crystal Clear canceled the Agreement.[4]

Plaintiffs have now filed a Motion for Reconsideration—explicitly under Federal Rule of Civil Procedure 59(e)—arguing that the Court committed "manifest errors of law and fact" in its Summary Judgment Order.[5] Motions under Rule 59(e) "serve the limited function of correcting

---

[1] Summary Judgment Order (Doc. 92).

[2] *Id.*

[3] *Id.* at 2–10.

[4] *Id.* at 32.

[5] Pls.' Mot. for Reconsideration (Doc. 97) at 1.

manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."[6] Rule 59(e) "is not to be used to reassert arguments, theories, and evidence that were previously rejected by the court."[7] Plaintiffs' Motion raises several grounds for reconsideration.[8] The Court will address each in turn.

1. Plaintiffs now contend that "[t]he question of material breach or insubstantial performance is generally one of fact and not law,"[9] and that a jury should resolve this issue because "[t]he facts . . . do not lend themselves to [only] one reasonable conclusion . . . ."[10] Plaintiffs' argument represents quite a change in position, considering they affirmatively moved for summary judgment on the breach of contract claim and explicitly asked the Court to conclude (as a matter of law) that the City's breach was material.[11] Even in response to Defendants' Motion for Summary Judgment, Plaintiffs did not suggest the existence of genuinely disputed material facts that required jury resolution.[12] Plaintiffs clearly believed the Court should resolve the materiality question. In its Summary Judgment Order, this Court acknowledged that Arkansas appellate courts have gone both ways on the legal vs. factual characterization of the materiality question.[13] But the

---

[6] Defs.' Br. in Opp'n to Pls.' Mot. for Reconsideration (Doc. 111) at 3 (quoting *Yeranisan v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021)).

[7] *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

[8] Pls.' Mot. for Reconsideration (Doc. 97) at 1.

[9] *Id.* at 1.

[10] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 10.

[11] Pls.' Br. in Supp. of Partial Summ. J. (Doc. 53) at 12–15; Pls.' Reply in Supp. of Partial Summ. J. (Doc. 78) at 14–17.

[12] Pls.' Opp'n to Defs.' Mot. for Summ. J. (Doc. 67) at 20–28; *id.* at 21 (stating "[t]his Court must consider the circumstances . . . as the Court assesses the materiality of the City's breach").

[13] Summary Judgment Order (Doc. 92) at 12 n.75.

characterization is not critical here. That is because in our case no rational juror could, based on the summary judgment record, find that the City's breach was material.

2. Plaintiffs question the Court's finding that "the decision to not timely pay Crystal Clear" was "within Kevin Smith's role as Mayor."[14] Plaintiffs merely reassert the same statutory and code provision arguments they presented on summary judgment. In the Summary Judgment Order, the Court clearly stated its "view that express authorization is not required to find that Mayor Smith acted in his official capacity for each and every action taken by him."[15] Moreover, the Court acknowledged that some of Mayor Smith's actions which led to the delayed payments may have been technical violations of the City Code.[16] Still, the Court found that those actions were within his role as Mayor, not taken in his individual capacity. Plaintiffs' Motion and Brief do nothing more than "reassert arguments, theories, and evidence that were previously rejected by the court,"[17] or "raise arguments which could have been offered or raised prior to entry of judgment."[18] This is not a proper use of Rule 59(e).

3. The foregoing conclusion—that Mayor Smith was acting in his official capacity when he interfered with the City paying Crystal Clear for April, May, June, and half of July 2019—essentially moots Plaintiffs' third ground for reconsideration. Plaintiffs believe that they were entitled to an award of actual damages against Mayor Smith and should have been afforded an opportunity to pursue additional damages (e.g., punitive damages). But Plaintiffs' argument on this issue only has merit if the Court were to accept Plaintiffs' second ground for reconsideration

---

[14] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 2.

[15] Summary Judgment Order (Doc. 92) at 24–25.

[16] *Id.* at 31.

[17] *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995)).

[18] *Yeransian*, 984 F.3d at 636.

and reverse itself on its finding that Mayor Smith acted in his official capacity with respect to the unpaid invoices in April, May, June, and half of July. Since the Court is not doing so, there is no need to delve further into the third ground for reconsideration.

4. Plaintiffs argue that Defendants "waived the affirmative defense of 'waiver' of the breach and 'anticipatory repudiation' by failing to assert them in their Answer to the Amended Complaint."[19] But neither the Court's waiver discussion nor its anticipatory repudiation analysis had a dispositive effect on the outcome of the case. The Court only discussed waiver as an alternative basis for its ruling in the hypothetical scenario that the City actually had materially breached the Agreement. The Court's anticipatory repudiation analysis was even further removed from being outcome determinative because it was premised on the hypothetical scenario that the City had actually materially breached the Agreement *and* that Crystal Clear had not waived the breach.[20] Because the Court has found no reason to disturb its primary decision on the materiality

---

[19] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 2. Plaintiff's Motion for Reconsideration also embeds a request to "strike defendants' asserted defenses of waiver and anticipatory repudiation." (Doc. 97) at 1. Under Local Rule 7.2, such a motion would have to be separate from the Motion for Reconsideration and include a separate brief. Moreover, striking defenses "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking an affirmative defense at any time—much less after a case has been reduced to a final judgment—is inappropriate "unless the party shows it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Arbogast v. Healthcare Recovery Grp.*, 327 F.R.D. 267, 269 (E.D. Mo. 2018). Plaintiffs cannot meet this standard because neither the waiver defense nor the anticipatory repudiation defense had a dispositive effect on the outcome of the case. Plaintiffs have also not provided any caselaw where a court found it appropriate to strike an affirmative defense after final judgment. The Court strongly doubts such an action would be appropriate in almost any situation.

[20] In any event, Plaintiffs' arguments that Defendants forfeited waiver or anticipatory repudiation defenses are completely unavailing. "'[T]echnical failure to comply with Rule 8(c) is not fatal' when the defense 'is raised in the trial court in a manner that does not result in unfair surprise.'" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014) (quoting *First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007)). Plaintiffs acknowledge that the Defendants "assert[ed] any and all affirmative defenses that may be determined to be applicable pursuant to Fed. R. Civ. P. 8(c)" in their Answer to Plaintiffs' Amended Complaint. Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 18. Plaintiffs also concede that Defendants "raised waiver by implication" in their Response to Plaintiffs' Motion for Partial Summary Judgment. *Id.* at 17. Plaintiffs could have argued that the waiver defense was forfeited at that time. They did not, however, because "Plaintiffs' counsel overlooked this paragraph . . . ." *Id.* Simply because Plaintiffs' counsel overlooked the Defendants' arguments does not mean they were an unfair surprise.

The same analysis applies to the argument that Defendants waived the ability to assert anticipatory repudiation. Crystal Clear's breach of contract claim was premised on the doctrine of anticipatory repudiation—it was seeking to be paid the full amount under the Agreement. The Defendants argued that the doctrine was inapplicable to this case

of the breach, there is no reason to delve into the waiver and anticipatory repudiation issues raised by Plaintiffs' Motion.

 5. Plaintiffs argue that the Court incorrectly decided not to award prejudgment interest.[21] Plaintiffs are wrong. First, Plaintiffs incorrectly characterize the prejudgment interest decision as being made "[w]ithout discussion."[22] Footnote two of the Judgment explicitly provided the Arkansas precedent governing the Court's decision.[23] Second, Plaintiffs assert that "[t]he defendants misled" the Court into applying the wrong prejudgment interest statute.[24] But the Court did not choose one version of the prejudgment interest statute over the other. Instead, the Court clearly stated that the dispute over which version to apply was "immaterial because prejudgment interest is inappropriate under both versions of the statute."[25]

 Plaintiffs' protestations to the contrary are incorrect. Plaintiffs forcefully assert:

> Arkansas law is clear! Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of loss until judgment. The test for whether an award of prejudgment interest is proper is whether there is a method to determine the value of the property at the time of injury.[26]

The Court agrees that the law is clear. But not in the way Plaintiffs want it to be. Plaintiffs place too much emphasis on the method-of-valuation component and completely ignore the "*wrongfully withheld from the time of loss until judgment*" language.[27] The City tried to make good on the unpaid months and continue with the Agreement days before Crystal Clear canceled the

---

during the summary judgment process. Defs.' Br. in Opp'n to Pls.' Mot. for Partial Summ. J. (Doc. 70) at 31. Crystal Clear had the chance to reply to that argument (or argue that the defense was waived) during that time.

[21] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 19.

[22] *Id.*

[23] Judgment (Doc. 96) at 1 n.2.

[24] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 2, 20.

[25] Judgment (Doc. 96) at 1 n.2.

[26] Pls.' Br. in Supp. of Reconsideration (Doc. 98) at 21.

[27] *Id.* (emphasis added).

Agreement. During litigation, the City tried again to pay for the unpaid months. The City cannot be considered to be wrongfully withholding money at the same time it is making multiple efforts to pay that money. Plaintiffs' decision not to accept the money both times is the reason a judgement was necessary at all.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration is DENIED in its entirety. [28] Plaintiffs' Motion for a Hearing on the Motion for Reconsideration is also DENIED. Plaintiffs' Motion for Leave to File a Reply is GRANTED. The Court has treated the Reply as having been filed.

IT IS SO ORDERED this 19th day of January 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[28] As another ground for reconsideration (or as support for some of the grounds discussed above), Plaintiffs' Motion for Reconsideration highlights two sentences from the Court's Summary Judgment Order and argues that the Court made inconsistent findings with respect to the City's ability to become current on the unpaid months and continue with the Agreement. Pls.' Mot. for Reconsideration (Doc. 97) at 2. Plaintiffs do not develop this argument in their brief. In any event, Plaintiffs are wrong.

On page fifteen of the Court's Summary Judgment Order, while discussing the City Treasurer's attempts to deliver checks to Mr. Simes, the Court stated "[i]t is clear, then, that the City had every intention and ability to make the back payments and continue with the Agreement." On page thirty-one, while discussing Mayor Smith's actions, the Court stated "[t]he exhibits and briefings in this case conclusively show that the City was in disastrous financial condition." These findings do not contradict each other. Plaintiffs seem to be arguing that if the City was in disastrous financial condition, it could not at the same time have the ability to continue on with the Agreement. But continuing with the Agreement by paying a few months' invoices does not mean that the City would never be late on a payment again. Indeed, late payments had been the normal course between the City and Crystal Clear since the Agreement first went into effect. A city can be in dire financial straits and still pay some of its outstanding debts.